**UNITED STATES of America**

**v.**

**Mustafa MAISONNEUVE.**

**No. 2:96cr17–02.**

United States District Court,
D. Vermont.

Jan. 30, 1997.

John F. Dalsey, Dalsey, Ferrara, Townsend & Albano, Springfield, MA, Paul Finnerty, Hyde Park, VT, John Ferrara, Springfield, MA, for Nathan Kelly.

Thomas J. Sherrer, Eastman, Sherrer & Broadfoot, Burlington, VT, for Mustafa Maisonneuve.

John M. Conroy, Asst. U.S. Atty., Burlington, VT, for U.S.

## OPINION AND ORDER

SESSIONS, District Judge.

Both the Government and Defendant Maisonneuve have filed pretrial motions in limine. The Government seeks to bar Maisonneuve from introducing evidence of or referring to the minimum and maximum penalties he faces if convicted. Maisonneuve requests the Court to exclude evidence of his prior convictions, either as part of the Government's case-in-chief or for pur-

poses of impeachment if Maisonneuve testifies. For the reasons stated below, the Government's motion in limine is granted and the Defendant's motion in limine is granted in part and denied in part.

I. *Government's Amended Motion in Limine to Limit Evidence of, or Reference to, Penalty.*

■ The grand jury charged Maisonnueve with conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1). The maximum sentence for such a conviction ranges between twenty years and life imprisonment, depending upon the amount of drugs involved in the conspiracy and Maisonneuve's criminal record. Maisonneuve appears to have a number of convictions, including (1) Criminal Possession of Cocaine in 1987, (2) Possession of Stolen Property in 1988, (3) Conspiracy to Unlawfully Possess Cocaine with Intent to Distribute in 1990, and (4) Unlawful Possession of Cocaine with Intent to Distribute in 1990. The two 1990 convictions occurred on the same date. If the Government establishes the validity of the prior drug convictions, Maisonneuve could face mandatory minimum sentences of twenty years under § 841(b)(1)(B) or life imprisonment under § 841(b)(1)(B), depending upon the quantity of drugs involved in the conspiracy.

■ It is well settled that juries are not to consider penalties in reaching their verdicts. *Shannon v. United States,* 512 U.S. 573, 578, 114 S.Ct. 2419, 2424, 129 L.Ed.2d 459 (1994). *See also United States v. Chesney,* 86 F.3d 564 (6th Cir.1996) (district court did not err in refusing to permit defendant to argue about his possible punishments); *United States v. Greer,* 620 F.2d 1383, 1384 (10th Cir.1980) ("[t]he authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial"). This rule applies where a statutory mandatory minimum sentence would apply upon conviction. *Chesney,* 86 F.3d at 574. In fact, Maisonneuve has filed no objection to the Government's motion to exclude reference to possible penalties.

Detective Lewis informed Maisonneuve during post-arrest questioning he was facing "up to ten years in prison" if convicted. Maisonneuve may introduce Lewis's statement if he intends to challenge the voluntariness of his own statement. However, such reference leaves the jury with an inaccurate understanding of Maisonneuve's possible sentence. If such evidence is introduced at trial, the Court intends to clarify the record by instructing the jury to disregard any reference to possible penalties, other than as bearing upon the voluntariness of Maisonneuve's statements. Rebuttal evidence as to the correct minimum and maximum sentences is not warranted.

II. *Maisonneuve's Motion in Limine to Bar Evidence of Prior Convictions.*

Maisonneuve's motion in limine seeks to exclude evidence of prior convictions during the Government's case-in-chief under Fed. R.Evid. 404(b) and to impeach the Defendant's credibility after testifying under Fed. R.Evid. 609.

A. Rule 404(b)

■ Generally, evidence of "other crimes, wrongs, or acts" is inadmissible under Rule 404(b) to prove character or criminal propensity. *United States v. Gordon,* 987 F.2d 902, 908 (2d Cir.1993). Such evidence is admissible for a number of other purposes, including "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b). If such evidence is admissible for these purposes, a court must also balance the probative value of such evidence against its prejudicial impact under Fed.R.Evid. 403.

■ A defendant's denial of participation in a criminal act does not automatically permit introduction of evidence of other criminal acts under a knowledge, intent or absence of mistake theory. *See United States v. Corey,* 566 F.2d 429, 431 (2d Cir. 1977). Courts focus on the degree of similarity between the charged offense and the prior acts, among other factors. *United States v. Peterson,* 808 F.2d 969, 974 (2d Cir.1987). A greater degree of similarity increases the relevance of the prior acts. Provided that the prior acts are relevant, a court must then

apply the balancing test in Rule 403 to determine whether the probative value is outweighed by its prejudicial impact. *United States v. Gordon,* 987 F.2d at 908.

■ Maisonneuve's convictions for criminal possession of a controlled substance in 1987 and possession of stolen property in 1988 are sufficiently dissimilar to the charged offense as not to be relevant. The Government asserts that the 1990 convictions for conspiracy to unlawfully possess controlled substances with intent to distribute and possession of controlled substances with intent to distribute are sufficiently similar for two reasons. First, both convictions relate to intent to distribute controlled substances and are therefore relevant to the "intent" element of the instant charge. Second, there is a similarity in the quantities and types of drugs distributed.

The Government seeks only to introduce these convictions in rebuttal, provided that Maisonneuve's intent is at issue. In addition, the Court finds that the prejudicial impact from introduction of such evidence outweighs its probative value under Rule 403 if admitted as part of the Government's case-in-chief. At this stage, there has been no showing regarding the similar or dissimilar nature of the identity of co-conspirators, the identity of sources, or the manner of distribution, for example. The criminal convictions are also six years old. The Court will grant Maisonneuve's request to exclude evidence of the convictions during the Government's case-in-chief. The Court would reconsider its ruling if a greater degree of similarity between the offense charged and the earlier crimes is shown.

■ Maisonneuve also seeks to exclude such convictions in the Government's rebuttal. The motion is premature. Depending on the nature of the defense, and whether Maisonneuve chooses to testify, the evidence may be relevant as "substantive" evidence under Rule 404(b) or "impeachment" evidence under Rule 609. In either event, the evidence must be balanced under Rule 403 to be admissible. Such a weighing cannot be made without reviewing the evidence elicited at trial.

**B. Rule 609(a)(1)**

Maisonneuve requests that the Court bar use of his prior convictions for impeachment purposes in the event that he chooses to testify.

Rule 609(a)(1) mandates that evidence of an accused's felony convictions shall be admitted if the probative value of the evidence outweighs its prejudicial effect. A district court is granted wide discretion in assessing the probative value and prejudicial impact of such evidence. *United States v. Pedroza,* 750 F.2d 187, 202 (2d Cir.1984).

■ Maisonneuve's conviction for possession of stolen property in 1988 may be introduced to impeach credibility. The conviction has some bearing upon honesty, and, since the offense does not involve distribution of controlled substances, its prejudicial impact is minimal.

■ The Government's use of drug convictions to impeach credibility under Rule 609(a)(1) is a closer question. On the one hand, the Government is prejudiced by exclusion of such evidence, since the jury is led to conclude that the accused is more "pristine" than is true. *United States v. Ortiz,* 553 F.2d 782, 784 (2d Cir.1977). On the other hand, introduction of such evidence is highly prejudicial to an accused, since jurors may conclude that a defendant is guilty based upon earlier similar convictions.

The drug convictions are six and nine years old. Many jurors may be particularly offended by convictions for drug distribution, making the chance for confusion and prejudice greater. Since they involve the same type of conduct, the risk that a jury may assume guilt in the instant offense based upon past convictions is enhanced. Further, such a risk chills a defendant's Sixth Amendment right to testify in his or her defense.

At this point, the Court finds that the prejudicial impact of the convictions outweighs probative value and will bar introduction of such evidence under Rule 403. However, if Maisonneuve testifies to facts or issues which can be contradicted or impeached by evidence of his prior convictions, the Court will reconsider its ruling. As an

example, if Maisonneuve testifies that he has never been involved in drug activity or knows nothing about drugs or manners of distribution, evidence of the convictions would directly contradict such testimony. Counsel are instructed to seek permission to cross-examine Maisonneuve on his drug convictions or to introduce evidence of such convictions prior to disclosure of such evidence before the jury.

## III. Order

Based upon the findings above, the Court GRANTS the Government's Amended Motion in Limine to Limit Evidence of, or Reference to, Penalty (Papers 39, 41). The Court GRANTS Maisonneuve's Motion in Limine to Bar Evidence of Prior Convictions (Paper 45) under Fed.R.Evid. 404(b) regarding introduction of his criminal convictions during the Government's case-in-chief, DENIES the motion under Fed.R.Evid. 609(a)(1) regarding his possession of stolen property conviction and GRANTS Maisonneuve's motion under Fed.R.Evid. 609(a)(1) regarding his drug related convictions. The Court reserves judgment concerning introduction of the criminal offenses under Rule 404(b) in rebuttal. Further, if Maisonneuve testifies, the Court will reconsider its ruling regarding use of prior convictions under Rule 609(a)(1) upon request for the reasons stated above.